UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-02340-MWF (PLAx)        **Date:** July 27, 2015
**Title:** Prime Focus Creative Services Canada, Inc. -v- Legend3D, Inc.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING MOTION TO STRIKE FIRST AMENDED COMPLAINT [13] AND DENYING AS MOOT MOTION TO DISMISS CASE [9]

     On March 30, 2015, Plaintiff Prime Focus Creative Services Canada, Inc. filed a Complaint for Patent Infringement against Defendant Legend3D, Inc. (Docket No. 1). Defendant agreed to waive service. (Docket No. 11). On June 5, 2015, Defendant filed with the United States Patent and Trademark Office a Petition for *Inter Partes* Review. On June 15, 2015, Defendant filed in this Court a Motion to Dismiss (Docket No. 9), along with a Motion to Stay Litigation Pending *Inter Partes* Review (Docket No. 10). The hearing date for both of these motions is September 14, 2015.

     In the Motion to Dismiss, Defendant argues (1) that Plaintiff has no standing to sue for patent infringement because it does not have a sufficient interest in the patent in suit to sue for any alleged infringement, and (2) that Plaintiff's claim for patent infringement does not state a plausible claim for relief under Federal Rule of Civil Procedure 8. (Docket No. 9). In the alternative, Defendant asks that Plaintiff be required in accordance with Federal Rule of Civil Procedure 12(e) to give a more definite statement as to the exact products and/or activities attributable to Defendant which allegedly infringe the patent in suit.

     On July 9, 2015, Plaintiff filed a First Amended Complaint ("FAC"). (Docket No. 12). In response, Defendant filed a Motion to Strike First Amended Complaint. (Docket No. 13). While Defendant seems to acknowledge that the FAC responds to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-02340-MWF (PLAx)                    Date:  July 27, 2015
Title:     Prime Focus Creative Services Canada, Inc. -v- Legend3D, Inc.

some of its concerns regarding the specificity of the infringement allegations, Defendant asserts that the FAC fails to address its argument that Plaintiff lacks standing to pursue this claim.  (*Id.*).  Defendant also argues that Plaintiff filed its FAC after the deadline for any such amendment as set forth in Federal Rule of Civil Procedure 15(a)(1)(B).  (*Id.*).  The hearing date on the Motion to Strike is also set for September 14, 2015.

The Court has read and considered Motion to Strike and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons set out below, the Court **DENIES** the Motion to Strike, **ACCEPTS** the late-filed FAC, and therefore **DENIES** the pending Motion to Dismiss **as moot**.

Under Federal Rule of Civil Procedure 15(a)(1), a "party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  As Defendant filed its Motion to Dismiss on June 15, 2015, Plaintiff had until July 6, 2015 to file an amended complaint.  The FAC was filed three days late on July 9, 2015.

Therefore, the Court must evaluate the FAC under Federal Rule of Civil Procedure 15(a)(2).  Under Federal Rule of Civil Procedure 15(a)(2), a "party may amend its pleading . . . [with] the court's leave.  The court should freely give leave when justice so requires." *Id.*  The Ninth Circuit "ha[s] consistently held that requests for leave should be granted with extreme liberality." *Couch v. Cate*, 379 F. App'x 560, 563 n.3 (9th Cir. 2010) (citation and internal quotation marks omitted).

Here, where there is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiff, because the FAC was filed only three days past the deadline for amending as of right, the Court concludes that amendment should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, Defendant's Motion to

---

**CIVIL MINUTES—GENERAL**                                    2


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-15-02340-MWF (PLAx)          **Date:**  July 27, 2015
**Title:**     Prime Focus Creative Services Canada, Inc. -v- Legend3D, Inc.

Strike is **DENIED**, the late-filed FAC is accepted, and Defendant's pending Motion to Dismiss is **DENIED as moot**.

Plaintiff has not addressed Defendant's standing challenge.  Defendant should renew these arguments, and any new arguments about the sufficiency of the allegations under Rule 12(b)(6) by **August 10, 2015**.  If Defendant believes that its prior arguments on standing are sufficient, Defendant may file a one-page Notice of Motion set for hearing on **September 14, 2015**, and the Court will refer to the prior Motion. (Docket No. 9).

The Motion for *Inter Partes* Review remains on calendar.  (Docket No. 10). Oppositions to both motions and reply briefs shall be filed in accordance with the Local Rules.

IT IS SO ORDERED.