IRELL & MANELLA LLP
Jonathan S. Kagan (166039)
JKagan@irell.com
Joshua Glucoft (301249)
JGlucoft@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
*Attorneys for Plaintiff*
Prime Focus Creative Services Canada Inc.

Danna J. Cotman, Esq. (SB# 188245)
danna@arciplaw.com
Ariel J. Sabban, Esq. (SB# 189414)
ariel@arciplaw.com
ARC IP Law, PC
7744 Herschel Avenue
La Jolla, CA 92037
Telephone: (858) 729-0800
Telecopier: (858) 777-5425

Attorneys for Defendant Legend3D, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME FOCUS CREATIVE SERVICES CANADA, INC., | Case No.: 2:15-CV-2340<br>Hon. Paul L. Abrams |
| Plaintiff, | |
| vs. | |
| | **[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER** |
| LEGEND3D, INC., | |
| Defendants. | |

1.    A.  <u>PURPOSES AND LIMITATIONS</u>:

Disclosure and discovery activity in this action are likely to involve

production of confidential, proprietary, or private information for which special

-1-

1   protection from public disclosure and from use for any purpose other than

2   prosecuting this litigation may be warranted. Accordingly, the parties hereby

3   stipulate to and petition the court to enter the following proposed stipulated

4   protective order ("Protective Order"). The parties acknowledge that this Protective

5   Order does not confer blanket protections on all disclosures or responses to

6   discovery and that the protection it affords from public disclosure and use extends

7   only to the limited information or items that are entitled to confidential treatment

8   under the applicable legal principles. The parties further acknowledge, as set forth

9   in Section 14.4, below, that this Protective Order does not entitle them to file

10  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

11  that must be followed and the standards that will be applied when a party seeks

12  permission from the court to file material under seal.

13      B.  <u>GOOD CAUSE STATEMENT</u>

14          This patent infringement action involves business competitors in the two-

15  dimensional to three-dimension image conversion business and each of the parties

16  hereto has sensitive information not generally known to the industry or public,

17  subject to reasonable efforts to maintain secrecy and/or nondisclosure agreements,

18  that would cause irreparable and permanent harm if disclosed or made public.  As

19  such, this action is likely to involve trade secrets, customer and pricing lists and

20  other valuable research, development, commercial, financial, technical and/or

21  proprietary information for which special protection from public disclosure and

22  from use for any purpose other than prosecution of this action is warranted.

23  (Federal Rules of Civil Procedure, Rule 26(c)(1)(G); see, e.g., *Nutratech, Inc. v.*

24  *Syntech (SSPF) Int'l, Inc.* (C.D. CA 2007) 242 F.R.D. 552, 554-555 & fns. 2, 3 &

25  4)  Such confidential and proprietary materials and information consist of, among

26  other things, confidential business or financial information, information regarding

27  confidential business practices, or other confidential research, development, or

28  commercial information (including information implicating privacy rights of third

parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   <u>Designated In-House Counsel</u>: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or

1  "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD
2  ONLY."

3       2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless
4  of the medium or manner in which it is generated, stored, or maintained (including,
5  among other things, testimony, transcripts, and tangible things), that are produced
6  or generated in disclosures or responses to discovery in this matter.

7       2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter
8  pertinent to the litigation who (1) has been retained by a Party or its counsel to
9  serve as an expert witness or as a consultant in this action, (2) is not (i) a current
10 employee of a Party or of Cinesite, Digital Domain, StereoD, Gener8, IMCube,
11 Soul Power,  South Bay, Uno Digital Pvt. Ltd., 5Elements Entertainment Pvt Ltd.,
12 PixStone Images LTD., Filaments Visual Effects Pvt. Ltd., or other subsequently
13 identified (by mutual agreement of the parties) direct competitor to Legend3D
14 and/or Prime Focus  specifically in 2D to 3D conversion (individually a
15 "Competitor" and collectively the "Competitors"[1]), or (ii) a past employee of either
16 Party, and (3) at the time of retention, is not anticipated to become an employee of
17 a Party or of a Competitor.

18      2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
19 <u>Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or
20 Items," disclosure of which to another Party or Non-Party could create a
21 substantial risk of serious harm that could not be avoided by less restrictive means.

22      2.9   <u>"RESTRICTED CONFIDENTIAL – SOURCE CODE"</u> Information
23 <u>or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items"
24 representing computer code (including, but not limited to, source code, object code
25 [i.e., computer instructions and data definitions expressed in a form suitable for

26 _____

27 [1] This list of "Competitors" is not an admission by either Party in any respect, including as to the
28 number, identity, or scope of competition between either Party and any other competitor in the
industry.

input to an assembler, compiler, or other translator], source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and the like), associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party or their Designated In-House Counsel could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11 <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14 <u>Party or Parties</u>: any party or collectively the parties to this action, including in context all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16 <u>Professional Vendors</u>: persons or entities that provide litigation

support services (e.g., Information Technology support; photocopying, videotaping, translating, and preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "RESTRICTED CONFIDENTIAL – SOURCE CODE"  or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."

2.18   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information the Parties agree should not be designated as Protected Material; (b) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (c) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified and that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL

OF RECORD ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  To this end, the Designating Party will have the right to exclude from attendance at the deposition, during such time as Protected Material is to be disclosed, any person other than the deponent, Counsel (including their staff and

associates), Experts, the court reporter, and the person(s) agreed to by the Parties or otherwise qualified to receive Protected Material under this Stipulated Protective Order.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."

Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a

designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in person or telephonically within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  This provision is intended to reflect Civil Local Rule 37-1.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 28 days of the initial notice of challenge or within 14 days of delivery of the moving party's portion of the Joint Stipulation under Civil Local Rule 37-2 to the opposing party, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding

paragraph. Failure by the Designating Party  to make such a motion including the required declaration within 28 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time consistent with the Court's Scheduling Order if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, or has withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner (and it may be appropriate under certain

circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form) that ensures that access is limited to the persons authorized under this Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation provided Outside Counsel of Record exercises reasonable care and control over the same;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator, arbitrator, or settlement officer and all their supporting personnel engaged in mediation, arbitration, or settlement discussions involving the parties.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation provided Outside Counsel of Record exercises reasonable care and control over the same;

(b) Designated In-House Counsel of the Receiving Party (and only one, if any, previously identified Designated In-House Counsel at any given time may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision) (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed (and this Protective Order contemplates that Designated In-House Counsel shall not have access to any information or items designated "RESTRICTED CONFIDENTIAL – SOURCE CODE."  Also, Designated In-House Counsel is limited to viewing "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" information only if it is reasonably likely to be filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants (and if the Parties wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation, then in that situation, the Parties may draft a simplified, precisely tailored Undertaking for mock jurors to sign), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator, arbitrator, or settlement officer and all their supporting personnel engaged in mediation, arbitration, or settlement discussions involving the parties.

7.4 <u>Disclosure of "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably

necessary to disclose the information for this litigation provided Outside Counsel of Record exercises reasonable care and control over the same;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants (and if the Parties wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation, then in that situation, the Parties may draft a simplified, precisely tailored Undertaking for mock jurors to sign), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) any mediator, arbitrator, or settlement officer and all their supporting personnel engaged in mediation, arbitration, or settlement discussions involving the parties.

7.5 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" Information or Items to Designated In-House Counsel or Experts.

Preface: In-House Counsel. The Parties agree that, after compliance with subparagraphs (1) and (2) of paragraph 7.5(a)(1), the Parties may exchange the names of one Designated In-House Counsel each instead of following this procedure. Experts. The Parties agree that "CONFIDENTIAL" or "HIGHLY

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER       Case No. 2:15-CV-2340

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a Competitor or a Party or anticipated to become one at the time of retention.  Any such Expert shall still be required to first execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and Outside Counsel of Record for that Party shall maintain custody of that executed document and make it available to any other Party if reasonably required.  Otherwise, the below procedures apply.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.  (Additionally, it may be appropriate in certain circumstances to require any Designated In-House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Protective Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.)

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" pursuant to paragraph 7.4 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies, to the extent reasonably possible, each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years (and if the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement), and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years (and it may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" information).

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel or Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection pursuant to Civil Local Rule 37-1. If no agreement is reached, the Party seeking to make the disclosure to Designated In-House Counsel or the Expert may file a motion as provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel or Expert.

8.   <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who actually receives access to "RESTRICTED CONFIDENTIAL – SOURCE CODE"

1   information of the Producing Party shall not, on behalf of the Receiving Party or its

2   acquirer, successor, predecessor, or other affiliate, be involved in the prosecution

3   of patents or patent applications relating to two-dimensional to three-dimensional

4   film conversion technology, including without limitation the patents asserted in

5   this action and any patent or application claiming priority to or otherwise related to

6   the patents asserted in this action, before any foreign or domestic agency, including

7   the United States Patent and Trademark Office ("the Patent Office").  For purposes

8   of this paragraph, "prosecution" does not include representing a party that is

9   challenging or defending a patent in *inter partes* review, reissue, reexamination,

10  other post-grant proceeding, or as otherwise provided by case law, nor does

11  "prosecution" include making any communication or disclosure necessary to

12  ensure that prosecution counsel has the information necessary to comply with a

13  party's duty of candor to the Patent Office and good faith disclosure obligations,

14  e.g., identification of material prior art references for pending prosecution cases.

15          This Prosecution Bar shall begin when access to "RESTRICTED

16  CONFIDENTIAL – SOURCE CODE" information is first actually received by the

17  affected individual and shall end one (1) year after final termination of this action.

18  The Prosecution Bar specifically does not apply to information received that is in

19  the public domain as set forth under paragraph 2 of section 3 above.

20  9.    SOURCE CODE

21          (a)    To the extent production of source code becomes necessary in this

22  case, a Producing Party may designate source code as "RESTRICTED

23  CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential,

24  proprietary, or trade secret source code.

25          (b)    Protected Material designated as "RESTRICTED CONFIDENTIAL –

26  SOURCE CODE" shall be subject to all of the protections afforded to

27  "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD

28  ONLY" information including the Prosecution Bar set forth in Paragraph 8, and

may be disclosed only to the individuals to whom "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY"" and "RESTRICTED CONFIDENTIAL – SOURCE CODE" information may be disclosed, as set forth in Paragraphs 7.3 and, 7.5, with the exception of Designated In-House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of a mutually agreeable and independent escrow agent (or other mutually acceptable location and agent), with the initial set up costs of such to be shared by the Parties, and any subsequent costs to be borne by the Receiving Party.  The Parties agree to cooperate in good faith such that maintaining and securing the source code shall not unreasonably hinder any Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(d)     The source code shall be made available for inspection on a stand-alone secured computer (or computers, as necessary), or other mutually agreed upon inspection station, in a secured room without Internet access or network access to other computers (other than those computers bearing information produced by the Producing Party, if more than one is needed).  The Producing Party or third party escrow agent shall supply a password protected stand-alone computer and provide the Receiving Party with information explaining how to operate the stand-alone computer(s) in order to access the produced source code on the stand-alone computer(s). The stand-alone computer(s) will be connected to a printer for the limited purposes permitted pursuant to the paragraphs below. The stand-alone computer(s) shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare

1   two files and display their differences, and (d) compute the MD5 checksum of a

2   file. Such software utilities shall be provided by the Reviewing Party, and any

3   costs such as license fees associated with such software utilities shall be borne by

4   the Reviewing Party.  The Producing Party will provide a manifest of the contents

5   of the stand-alone computer(s) in both printed and electronic format that lists the

6   name, location, and MD5 checksum of every source and executable file escrowed

7   on the computer.  An authorized individual reviewing the source code may take

8   notes using a pen and paper during the review, however the reviewer may not bring

9   any other materials to the reviewing station.  An agent of the independent escrow

10  company , or the Producing Party or it's designated agent, may visually monitor

11  the activities of the Receiving Party's representatives during any source code

12  review, but only to ensure that there is no unauthorized recording, copying, or

13  transmission of the source code.

14      (e)     Except as set forth below in paragraph 9(j), no electronic copies of

15  source code shall be made without prior written consent of the Producing Party,

16  except as necessary to create documents which, pursuant to the Court's rules,

17  procedures and order, must be filed or served electronically.

18      (f)     The Receiving Party shall be permitted to make a reasonable number

19  of printouts of portions of source code, all of which shall be designated and clearly

20  labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE," and the Receiving

21  Party shall maintain a log of all such files that are printed, and the number of pages

22  printed shall be made available to the Producing Party  immediately after the

23  viewing session in which any such printing has occurred. Should such printouts or

24  photocopies be transferred back to electronic media for the reasons set forth below

25  in paragraph 9(j), such media shall be labeled "RESTRICTED CONFIDENTIAL –

26  SOURCE CODE" and shall continue to be treated as such. The Producing Party

27  may challenge the amount of source code printed pursuant to the dispute resolution

28  procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is

the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Any such challenge, if leading to a noticed motion, must be noticed to be heard as soon as possible given the Local Rules and the Court's availability and, until any such motion is resolved, the Receiving Party may further print and retain no more than 50% of the number of previously printed pages; any additional printouts other than the aforementioned 50% will be held by the independent escrow agent or by the Producing Party in a sealed envelope (without inspection) until such time as the motion is resolved. For example, if the Receiving Party prints 1,000 pages and the Producing Party notices a motion challenging that amount as unreasonable, the Receiving Party may print and retain the next 500 pages that are printed but any additional pages printed will be held by the independent escrow agent or by the Producing Party in a sealed envelope (without inspection) until such time as the motion is resolved.

(g) The Receiving Party shall maintain a record of any Expert who has inspected any portion of the source code in electronic or paper form. This log shall be made available to the Producing Party upon request in accordance with timeline for Expert disclosures set forth by the Court.

(h) The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. Other than as provided for in Paragraph 9(j), the Receiving Party shall not create any electronic or other images of the paper copies and shall not copy any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

1    (i)    A Receiving Party shall provide seven (7) days advanced written

2 notice to the Producing Party before including "RESTRICTED CONFIDENTIAL

3 – SOURCE CODE" information in a court filing, pleading, declaration, or expert

4 report, and comply with paragraph 14.4 below and Civil Local Rule 79-5.

5    (j)    A Receiving Party may include excerpts of Source Code Material in a

6 pleading, exhibit, expert report, discovery document, deposition transcript, other

7 Court document, provided that the source code documents are appropriately

8 marked under this Order, restricted to those who are entitled to have access to them

9 as specified herein, and, if filed with the Court, are accompanied by a motion to

10 file under seal in accordance with the Court's rules, procedures and orders.  To the

11 extent portions of source code material are quoted in a document, either (1) the

12 entire document will be stamped and treated as RESTRICTED CONFIDENTIAL

13 – SOURCE CODE or (2) those pages containing quoted Source Code Material will

14 be separately stamped and treated as RESTRICTED CONFIDENTIAL  –

15 SOURCE CODE;

16 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

17 PRODUCED IN OTHER LITIGATION

18    If a Party is served with a subpoena or a court order issued in other litigation

19 that compels disclosure of any information or items designated in this action as

20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21 ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or

22 "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD

23 ONLY" that Party must:

24    (a) promptly notify in writing the Designating Party. Such notification shall

25 include a copy of the subpoena or court order;

26    (b) promptly notify in writing the party who caused the subpoena or order to

27 issue in the other litigation that some or all of the material covered by the subpoena

28

or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and

relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) except as modified herein.  The production or disclosure of any information (including documents) in this action that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection.  A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.  When a Producing Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use, and

shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information; 3) shall within five (5) business days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the Producing Party the destruction under 3) above of all copies of the information not returned to the Producing Party. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

14.    MISCELLANEOUS

14.1    Right to Further Relief and Limitations. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future. Further, the existence of this Protective Order shall not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order, including, but not limited to, lack of relevance and/or proportionality, or any other ground other than the mere presence of Protected

Material.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 7, 2016          */s/ Joshua Glucoft*

_____
                              Attorneys for Plaintiff

DATED: July 7, 2016

                              */s/ Danna J. Cotman*

_____
                              Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   July 8, 2016

        /s/ - Paul L. Abrams
        Hon. Paul L. Abrams
        United States Magistrate Judge

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER            Case No. 2:15-CV-2340

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____[date] in the case of Prime Focus

Creative Services Canada, Inc., v. Legend3D, Inc.,  Case Number 2:15-CV-2340. I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that

I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

　　　　[printed name]
Signature: _____

　　　　[signature]